■ In the Matter of the Claim of PATRICIA NEELY, Appellant. PINNACLE LUTHERAN CHURCH, Respondent; COMMISSIONER OF LABOR, Respondent. [973 NYS2d 371]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 6, 2012, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

After claimant resigned her position as the director of a church day-care center, her application for unemployment insurance benefits was contested by the employer, and the Department of Labor issued an initial determination disqualifying claimant from receiving benefits. Following hearings, the Administrative Law Judge determined that claimant's application should be granted. Upon review, however, the Unemployment Insurance Appeal Board ruled that claimant voluntarily separated from her employment for personal and noncompelling reasons. Claimant now appeals.

We affirm. "[W]hether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (*Matter of Mkhitaryan [Commissioner of Labor]*, 86 AD3d 888, 888 [2011] [internal quotation marks and citation omitted]; *see Matter of Pierre-Louis [Commissioner of Labor]*, 106 AD3d 1362, 1362 [2013]; *Matter of Pencola [Commissioner of Labor]*, 92 AD3d 1009, 1009 [2012]). Here, claimant testified that she resigned because she believed the employer took insuf-

ficient steps to address her safety concerns with respect to a church elder with mental illness who reportedly behaved strangely, had access to the day-care center, and made unplanned visits. The employer's representative testified, however, that claimant's safety concerns were properly addressed by, among other things, taking away the elder's keys and instructing him that, except for Bible study classes, he was not to visit the church except by invitation or appointment.* Notably, "[a]ny conflict in the testimony presented a credibility issue for the Board to resolve" (*Matter of Bielak [Commissioner of Labor]*, 105 AD3d 1226, 1227 [2013]). As for claimant's further assertion that she left her position because she believed a church secretary told a parent not to speak to claimant regarding issues with her child because claimant was not in charge, the Board specifically found that, even if credited, "this complaint was not significant enough to give . . . claimant good cause for leaving her employment." Inasmuch as substantial evidence supports the Board's ruling that neither of claimant's stated reasons for resigning rose to the level of good cause under the circumstances herein (*see id.*), we find no basis to disturb the Board's decision.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although claimant was upset by an earlier instruction to post a sign indicating that only children and their parents were allowed in the area of the day care due to "testing" because she felt she was being asked to lie, the Board ruled that this was a safety measure and "was not so egregious, on its own, to give the claimant good cause to quit."